THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:20-CR-18 |
| | : | (JUDGE MARIANI) |
| FRANCIS FERMIN, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Francis Fermin's *pro se* "Petition for Parole

Modification Pursuant to § 1203.3, Subdivision (a)" (Doc. 208), which the Court has

construed as a motion for early termination of supervised release (*see* Doc. 210).

Defendant Fermin requests therein the termination of his three-year term of supervised

release. The Government filed a Brief in Opposition (Doc. 211) and the motion is ripe for

disposition. For the reasons that follow, Defendant Fermin's motion will be denied.

### II. ANALYSIS

"[T]he primary purpose of supervised release is to facilitate the integration of

offenders back into the community rather than to punish them." *United States v. Murray*,

692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson,* 645 F.3d 191, 197 (3d

Cir. 2012)). Congress has thus provided the sentencing court with the authority to terminate

a defendant's term of supervised release early. *See Burkey v. Marberry*, 556 F.3d 142, 146

n.3 (3d Cir. 2009) ("Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the

authority to modify [a defendant's] term of supervised release"). Pursuant to 18 U.S.C. §

3583, "[t]he court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1),

(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of

supervised release and discharge the defendant released at any time after the expiration of

one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal

Procedure relating to the modification of probation, if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1). "'The expansive phrases "conduct of the defendant" and "interest of justice"

make clear that a district court enjoys discretion to consider a wide range of circumstances

when determining whether to grant early termination.'" *United States v. Melvin*, 978 F.3d

49, 53 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

The § 3553(a) factors cited in § 3583(e)(1) are as follows:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 53 (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir.

2018)). "[I]t is notable that the only traditional sentencing factor *not* relevant to a court's

decision of whether to impose supervised release . . . is the need for the sentence imposed

2

to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. . . . This omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (internal quotation marks, citations, and brackets omitted).

When weighing the relevant § 3553(a) factors and considering a defendant's motion for early termination of supervised release, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, "'*generally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (quoting *Davies*, 746 F.App'x at 89) (emphasis in *Melvin*).

On April 5, 2021, Defendant Fermin pleaded guilty, pursuant to a written plea agreement, to Conspiracy to Distribute and Possess with Intent to Distribute in excess of 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846. (*See* Docs. 44, 61, 70). On February 23, 2024, Fermin was sentenced to a term of 5-months imprisonment, 5-months home confinement, and a three-year term of supervised release. (Doc. 170). Fermin began his term of supervised release on or about July 1, 2024.

On October 3, 2025, Fermin filed the present motion for early termination of supervised release. At that time, he had been fully compliant with the terms of his supervised release for over one year and, on April 21, 2025, had been placed on low intensity supervision. However, on May 11, 2026, Fermin was arrested for suspicion of DUI – Highest Rate of Alcohol by the Pennsylvania State Police. As a result, on May 26, 2026, Defendant was removed from low intensity supervision, returned to general supervision, and agreed to be monitored on curfew with radio frequency monitoring technology for a period of thirty days. (*See* Docs. 222, 222-1).

In support of his motion of October 3, 2025, Fermin asserts that he has "reintegrated into society", is "fully employed", "live[s] independently", and that his "primary focus is on personal growth and building a better future." (Doc. 208, at 1). Fermin further states that "[o]ne of the primary reasons for this request is" to see his parents in the Dominican Republic and to support his parents with various health issues. (*Id.* at 1-2).

Preliminarily, there is no evidence that "new or unforeseen circumstances" have arisen warranting the early termination of Defendant's supervised release.[1] Although Fermin asserts that he wants to see his family in the Dominican Republic, and that both

---

[1] This Court recognizes that the Third Circuit has "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown", *Melvin*, 978 F.3d at 53 (emphasis added), but it is nonetheless one of a number of factors that this Court should consider in determining the merits of Defendant's motion. *See e.g. id.* ("We think that [g]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.") (some internal citations and quotation marks omitted) (emphasis in original).

4

parents recently experienced physical injuries in the form of hand surgery (mother) and a fractured bone (father), as noted by the Government, the "Probation Office has advised Fermin that he will simply have to ask permission travel." (Doc. 211, at 5, 6).[2] Fermin's desire to see his parents and help them through their temporary medical difficulties, while understandable, is insufficient to warrant a determination that Defendant's supervised release should be terminated at this time.

Furthermore, while Fermin complied with the terms of his supervised release for the first 21-months, compliance with the terms of his supervised release does not entitle Defendant to early termination of his 36-month term of supervised release. *See e.g.*, *United States v. Laine*, 404 F.App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional") *abrogated by United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original).

---

[2] At the time that Defendant filed his motion, and the Government responded, Fermin was on low intensity supervision, rendering it easier to obtain permission from Probation for international travel. Although the Court is unaware of whether Probation would currently grant a request by Fermin to travel, the reasons cited by Defendant – physical injuries to both parents – are of a temporary nature and Fermin has not provided the Court with any further information to believe that his parents continue to experience medical difficulties or that, absent Defendant's presence in the Dominican Republic, his parents would be unable to obtain necessary care.

It is additionally of note that Fermin recently was arrested for a DUI, in violation of the terms of his supervised release, and that Probation, and this Court, deemed necessary for Fermin to be removed from his low intensity supervision and returned to general supervision for increased monitoring.  Here, remaining on supervised release ensures that Defendant is provided with a structure and oversight which may best allow him to continue achieving his personal goals, including "personal growth and building a better future", receive any needed drug or alcohol treatment, and refrain from relapsing into illegal behavior.  This conclusion is consonant with the Third Circuit's direction that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities," *Murray*, 692 F.3d at 280.

For these reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' filings, the Court finds that the purposes to be served by the imposition of supervised release by the Court have not yet been satisfied at this time.  Consideration of the relevant § 3553 factors weigh in favor of requiring Fermin to serve the remaining term of his supervised release.  Defendant's motion will therefore be denied.

## III. CONCLUSION

For the foregoing reasons, Francis Fermin's motion for early termination of

supervised release (Doc. 211) will be denied.  A separate order follows.

Robert D. Mariani
United States District Judge